UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:05-CV-271

| | |
|---|---|
| **NORTHERN INSURANCE COMPANY OF NEW YORK** | )<br>)<br>) |
| **Plaintiff,** | ) |
| v. | )<br>) |
| **COUNTY OF GASTON, GASTON COUNTY DEPARTMENT OF SOCIAL SERVICES, SHARON NASH, SHAWN BUMGARDNER, RITA FERGUSON, MATTHEW CRABTREE, ANN FREEMAN and DIANNE FEGAN,** | )   **ORDER**<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Northern Insurance Company of New York's ("Plaintiff") "... Motion for Summary Judgment"(Document No. 15) filed on September 30, 2005, and being heard before the undersigned Magistrate Judge of the United States District Court for the Western District of North Carolina. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and this matter is now ripe for disposition.

The Court having fully considered the arguments, the record, and the applicable authority, will <u>grant</u> the Motion for Summary Judgment. The undersigned finds that no insurance coverage exists pursuant to the policy of insurance issued by Plaintiff to Defendant, Gaston County, and that said policy does not provide coverage for the claims asserted against Defendants as described in the Complaint in this action and in the underlying action.

**I. FACTUAL BACKGROUND**

The underlying lawsuit giving rise to this declaratory judgment action involves a claim for the wrongful death of a minor, Dillan Coleman, caused by physical abuse inflicted by Robert Goodman, the boyfriend of the minor's mother. Defendants in the underlying action, and in this

pending Declaratory Judgment action, include the Gaston County Department of Social Services, individual employees of The Gaston County Department of Social Services, and The County of Gaston, North Carolina. The individual Defendants in this action are employees of Defendant Gaston County Department of Social Services and named Defendants in the underlying action. In the underlying action, it is alleged that these defendants were negligent or otherwise liable for failing to properly investigate and follow-up on claims of abuse of Dillan Coleman by Robert Goodman. The underlying lawsuit also alleged claims against additional defendants, including Robert Goodman, Surf City, The Surf City Police Department, and individual employees of the City and Police Department. However, those individuals and entities are not relevant to the insurance coverage issues pending in this declaratory judgment action, and were not parties to this action.

Dillan Coleman died on October 23, 2002 as a result of an assault by Robert Goodman that took place on October 22, 2002. Plaintiff issued a policy of liability insurance, policy number CMM 98852362, to Defendant, County of Gaston with an effective policy period of July 1, 2001 to July 1, 2002. All defendants included in this litigation were purported insureds under the insurance policy at issue.

## II. DISCUSSION

Plaintiff contends in its Summary Judgment motion that the subject policy of insurance does not provide coverage to the defendants for the claims in the underlying action. It puts forth three possible theories supporting the lack of coverage: First, that the underlying lawsuit does not allege an "occurrence" as that term is defined by the policy; second, that the "bodily injury" giving rise to the underlying lawsuit took place outside the policy period; and third, that the Abuse/Molestation exclusion precludes coverage under the policy.

In order to be entitled to coverage under the policy of insurance, Defendants must prevail on all three arguments, while Plaintiff is entitled to Summary Judgment if successful on any one of the three theories.

The policy of insurance issued by Plaintiff to Defendant, County of Gaston, contains the following relevant policy provisions:

> **We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. …**
>
> **This insurance applies to "bodily injury" and "property damage" only if:**
>
> **1.    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and**
>
> **2.    The "bodily injury" or "property damage" occurs during the policy period.**

Accordingly, this policy of insurance provides coverage only where the "bodily injury" at issue occurs during the relevant policy period. The underlying lawsuit for which coverage was sought involves a claim for the wrongful death of Dillan Coleman on October 23, 2002. The policy period for the insuring agreement at issue expired on July 1, 2002. As a result, the policy of insurance does not provide coverage in this case to any of the Defendants in this action or in the underlying action, because the alleged "bodily injury" took place outside of the applicable policy period.

In the underlying action, Keith Moon, Director of Gaston County Department of Social Services, was named as a Defendant. Keith Moon was inadvertently omitted as a Defendant in this action. The Court, with the consent of the parties, considered the applicability of coverage under the Plaintiff's insurance policy to the claims against Keith Moon in the underlying action.

The court finds that no coverage is afforded to Keith Moon under the Plaintiff's insurance policy for the claims asserted in the underlying action and which are the subject of this action.

Because the "bodily injury" occurred outside the policy period, the Plaintiff's policy of insurance at issue in this case does not provide coverage to any of the Defendants in this action or in the underlying action, for those claims and damages asserted in the underlying action. Having determined that the trigger of coverage falls outside the effective policy period, the Court does not reach the other arguments of the Plaintiff against coverage. The Court further expresses no opinion as to allegations of negligence and liability asserted in the underlying action against the Defendants.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion for Summary Judgment" is **GRANTED**.

Signed: November 14, 2006

David C. Keesler
United States Magistrate Judge

4